IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-00522-BR

| | |
|---|---|
| LORI FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DAL-TILE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court upon Plaintiff's motion to compel. (DE-59). Plaintiff's counsel has certified that she made a good faith effort to resolve the discovery dispute prior to filing the instant motion. Defendant has responded (DE-65), and the matter is therefore ripe for adjudication. For the reasons stated herein, the motion to compel (DE-59) is granted.

I.  **BACKGROUND**

Plaintiff brought this action against her former employer, Dal-Tile Corporation ("Dal-Tile"), and two other defendants who have since been dismissed, alleging claims for hostile work environment, racial harassment, sexual harassment, discriminatory discharge, and retaliation pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Compl. ¶¶ 59-88, DE-1.[1] Plaintiff alleged that she began working as a sales consultant for Dal-Tile in August 2005 and that beginning in September 2005, Timothy Koester, a sales consultant for a customer of Dal-Tile, subjected Plaintiff to sexual harassment, racial slurs, and derogatory comments. *Id.*

---

[1] Plaintiff amended her complaint, with leave of court, to add a claim for civil obstruction of justice based on allegations that Defendant failed to preserve email messages and other electronic data after it was put on notice as to Plaintiff's potential claims. (DE-52).

¶¶ 11-12 & 14.  Plaintiff specifically alleged that incidents of harassment occurred in September 2005, spring 2008, June 2009, and July 2009.  Id. ¶¶ 15-19 & 25.  Plaintiff resigned from Dal-Tile in December 2009.  Id. ¶ 53.

On January 5, 2012, Plaintiff served her Second Discovery Demands upon Defendant, and on February 6, 2012, Defendant responded.  Pl.'s Mot. 2-3, DE-59.  Plaintiff found deficient certain of Defendant's responses related to its search of ESI, and the parties attempted unsuccessfully to resolve the dispute.  Id. n.1, 2-3.  On May 23, 2012, Plaintiff filed the instant motion to compel responses to Document Requests Nos. 1 and 2 and Interrogatory Nos. 2 and 3 (DE-59), to which Defendant filed its response in opposition on June 6, 2012 (DE-65).

## II.     LEGAL BACKGROUND

Federal Rule of Civil Procedure 26(b)(1) states in relevant part, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  The standard for relevance during the discovery phase differs from the standard employed at trial.  In order to be relevant, the information "need not be admissible at the trial" but only "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  During discovery, relevance is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund. Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)); *see also* Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003) (stating that discovery under the Federal Rules "is broad in scope and freely permitted").  "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party

2

or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases). "At the same time, 'discovery, like all matters of procedure, has ultimate and necessary boundaries.'" Oppenheimer Fund, Inc., 437 U.S. at 351 (quoting Hickman, 329 U.S. at 507). Thus, "[d]iscovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26 (b)(1)." *Id.* at 351-52 (quoting Fed. R. Civ. P. 26(b)(1)).

With these legal precepts in mind, the undersigned considers the instant motion to compel.

### III. ANALYSIS

Plaintiff contends that Defendant's responses to the following discovery requests are deficient:

> Document Request No. 1 Produce any electronically stored information which contains any of the ASCII strings in Appendix A, categories "Sexual Harassment ASCII strings" and "Racial Harassment ASCII strings African-Americans," sent or received by plaintiff, Sara Wrenn, Scott Maslowski, Cathy Diksa, or Timothy Koester (hereafter, the"Custodians") from September 2005 to the present.

> Document Request No. 2 Produce any electronically stored information received or sent by Sara Wrenn, Cathy Diksa, Scott Maslowski or James Vose, from September 2005 to the present., [sic] that contain all of the following discrete ASCII strings. In other words, any ESI in which the following words appear, in any order: [terms omitted].

> Interrogatory No. 2 Set forth in detail the efforts undertaken by Employer to preserve electronically stored information upon receipt of notice of the filing of the Charge in or about November 2009, until the litigation hold on or about August 2, 2010, including without limitation: the date such notice was received, the persons who made the decision to preserve such documents and ESI, the persons responsible for determining what documents and ESI required preservation, the persons responsible for preserving documents and ESI, each specific action undertaken to preserve documents and ESI (including without limitation, removing computers from use by employees, imaging or copying

3

media, stopping the routine overwriting, destruction or conversion into inaccessible disaster recovery media, retaining a forensic consultant, searching for files, searching for deleted files, advising employees of the need to preserve documents and/or electronically stored information), set forth the name of each person advised of the need to preserve documents and ESI, the date of such notice, the efforts undertaken by each individual to preserve documents and ESI, identify each attorney who had responsibility for identification and preservation of documents and ESI and state the efforts undertaken by each attorney to ensure their client's compliance with preservation instructions, and set forth the location and custodian of all ESI that has been subject to preservation.

Interrogatory No. 3 Set forth in detail the efforts undertaken by Employer to preserve electronically stored information after issuance of the litigation hold on or about August 2, 2010 until the present, including without limitation: the persons who made the decision to preserve such documents and ESI, the persons responsible for determining what documents and ESI required preservation, the persons responsible for preserving documents and ESI, each specific action undertaken to preserve documents and ESI (including without limitation, removing computers from use by employees, imaging or copying media, stopping the routine overwriting, destruction or conversion into inaccessible disaster recovery media, retaining a forensic consultant, searching for files, searching for deleted files, advising employees of the need to preserve documents and/or electronically stored information), set forth the name of each person advised of the need to preserve documents and ESI, the date of such notice, the efforts undertaken by each individual to preserve documents and ESI, identify each attorney who had responsibility for identification and preservation of documents and ESI and state the efforts undertaken by each attorney to ensure their client's compliance with preservation instructions, and set forth the location and custodian of all ESI that has been subject to preservation.

Pl.'s Mot. Ex. A 6-10, DE-59-2.

Plaintiff has narrowed the scope of the requests and interrogatories for purposes of this motion and now seeks an order compelling Defendant to conduct a keyword search of preserved e-mail of Cathy Diksa and Scott Maslowski dating from February 2010 to the present and to image and keyword search Diksa's hard drive and to produce any non-privileged responsive documents. Pl.'s Mot. 7, 9, DE-59. Defendant asserts that it has produced all relevant, discoverable information and that the information Plaintiff seeks is beyond the scope of Rule 26(b)(1). Defendant specifically argues that any e-mail from February 2010 forward could not

4

be relevant to Plaintiff's harassment claims, because "the sole issue is whether Dal-Tile 'knew or should have known of the harassment and failed to take appropriate steps to halt it.'" Def.'s Resp. 5, DE-65 (quoting EEOC v. Cromer Food Serv., 2011 WL 733814, at *4 (4th Cir. 2011)). Therefore, Defendant contends that the requested documents dating from February 2010 to present could not be relevant, because Plaintiff had already resigned from Dal-Tile by that time. The Court disagrees.

It is reasonable to expect that e-mail from February 2010 could contain historical e-mails, *i.e.,* an e-mail chain, given that the requested search period begins only two months after Plaintiff resigned. The custodians whose email Plaintiff requests to have searched are Cathy Diksa, the human resource officer who investigated Plaintiff's complaints, and Scott Maslowski, the regional vice-president to whom Diksa reported her investigation findings. Defendant did not object based on the identity of the custodians, and the Court finds it reasonable to expect that they may have relevant evidence. The Court has reviewed the revised list of search terms requested by Plaintiff, Pl.'s Mot. Ex. F, DE-59-7, and finds them appropriately limited in number and scope and, thus, reasonably calculated to lead to the discovery of admissible evidence. Plaintiff claims harassment on the basis of her race and sex and the terms listed are related thereto. Further, Defendant has not asserted that it would be unduly burdensome to search the email of Diksa and Maslowski or Diksa's hard drive.

Finally, Defendant contends that Plaintiff never complained about her alleged harasser making statements to her by e-mail and so there were no additional efforts by Defendant to preserve the ESI of Diksa and no litigation hold was issued for Maslowski. Defendant has taken the position that "the sole issue is whether Dal-Tile 'knew or should have known of the harassment and failed to take appropriate steps to halt it.'" Def.'s Resp. 5, DE-65 (quoting

5

EEOC v. Cromer Food Serv., 2011 WL 733814, at *4 (4th Cir. 2011)). Accordingly, it is not simply the harasser's actions at issue here, but also Defendant's knowledge thereof and its response thereto, which provides further justification for the searches related to Diksa and Maslowski. The Court notes that any privilege concerns are addressed by Rule 26(b)(5).

Accordingly, Defendant shall conduct, using Plaintiff's revised search list of May 15, 2012 (Pl.'s Mot. Ex. F, DE-59-7), a keyword search of preserved email dating from February 2010 to the present of Cathy Diksa and Scott Maslowski and shall image and keyword search Diksa's hard drive and produce any non-privileged responsive documents and a privilege log as appropriate.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel (DE-59) is GRANTED. Defendant shall conduct the requested searches and produce any responsive, non-privileged material, as well as a privilege log as appropriate, no later than **October 19, 2012**.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 2nd day of October, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE